RATTET, PASTERNAK & GORDON-OLIVER, LLP
Attorneys for the Debtor
550 Mamaroneck Avenue
Harrison, New York 10528
(914) 381-7400
Jonathan S. Pasternak
Erica Feynman

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

In re:  Chapter 11
  Case No. 09 22200 (ASH)

SAM'S CERAMIC & STONE, INC.

              Debtor.

-------------------------------------------------------------X

## LIQUIDATING PLAN OF REORGANIZATION

Sam's Ceramic & Stone, Inc. (the "Debtor") hereby proposes the following Liquidating Plan of Reorganization pursuant to the provisions of Chapter 11 of the Bankruptcy Code.

### ARTICLE I
### DEFINITIONS

For the purposes of this Plan, and the Disclosure Statement simultaneously filed by the Debtor, the following terms shall have the respective meanings set forth below (such meanings to be equally applicable to the singular and plural forms of the terms defined, unless the context otherwise requires):

1.1     "Administrative Claims" shall mean all costs and expenses of administration of the Chapter 11 case Allowed under Sections 503(b) or 330(a) of the Code and that are entitled to priority under Section 507(a)(2) which may include Claims pursuant to Section 506(c) of the Code.

1.2     "Allowed" shall mean that portion of a Claim or Interest that is liquidated in

amount and (i) has been timely filed with the Bankruptcy Court and which has been neither objected to nor listed by the Debtor as contingent, unliquidated or disputed in the Schedules; (ii) has been listed by the Debtor in the Schedules as being neither contingent, unliquidated nor disputed; or (iii) has been allowed by a Final Order of the Bankruptcy Court.

1.3 "Bankruptcy Court" shall mean the United States Bankruptcy Court for the Southern District of New York.

1.4 "Claim" is defined in Section 101(5) of the Code, and shall include, without limitation, any claims of whatsoever type or description against the Debtor, any claim for pre-petition interest, post-petition interest or contingent interest, any claim against the Debtor arising out of the rejection of executory contracts, any claim against the Debtor arising from the recovery of property under Sections 550 and 553 of the Code and any claim against the Debtor that do not arise until after the commencement of the Chapter 11 Case for a tax entitled to priority under Section 507(a) of the Code.

1.5 "Code" shall mean the Bankruptcy Code, Title 11 U.S.C. Section 101 et. seq. as amended from time to time.

1.6 "Confirmation Date" shall mean the date upon which the Confirmation Order is entered by the Bankruptcy Court.

1.7 "Confirmation Order" shall mean the order of the Bankruptcy Court pursuant to Section 1129 of the Code confirming the Plan.

1.8 "Debtor" shall mean Sam's Ceramic & Stone, Inc.

1.9 "Disbursing Agent" shall mean Rattet, Pasternak & Gordon-Oliver, LLP, who shall act in such capacity in order to effectuate the payment of distributions under the Plan.

1.10 "Disputed" shall mean a Claim or Interest or any portion of a Claim or Interest

that is not Allowed.

1.11   "Disputed Claim" shall mean any claim (other than an Allowed Claim) (i) which is scheduled pursuant to the Bankruptcy Code as disputed, contingent or unliquidated, or (ii) proof of which has been filed with the Bankruptcy Court and an objection to the allowance has been or is interposed within the period of time limitation fixed by the Bankruptcy Code, Bankruptcy Rules or an order of the Bankruptcy Court for the filing of such objections, and as to which, such objection has not been determined by a final order of the Bankruptcy Court.

1.12   "Effective Date" shall mean the date upon which the Confirmation Order becomes a Final Order.

1.13   "Final Order" shall mean order or judgment which has not been stayed and as to which order or judgment the time to appeal or seek review or rehearing has expired and as to which no appeal, petition for review or rehearing is pending.

1.14   "Interest" shall mean the rights of the shareholders of the Debtor.

1.15   "Petition Date" shall mean February 16, 2009.

1.16   "Plan" shall mean this Liquidating Plan of Reorganization and any amendments hereto or modifications hereof made in accordance with the provisions of the Code.

1.17   "Purchaser" shall mean John Barile.

1.19   "Priority Claim" shall mean a Claim, other than an Administrative Claim, that is entitled to priority under Section 507 of the Code.

1.21    "Purchase Price" shall mean $15,000.

1.22   "Unsecured Claim" shall mean any Allowed Claim which is not an Administrative Claim or Priority Claim that arose prior to the filing of the Chapter 11 Case.

1.23   "Secured Claim" shall mean a Claim held by creditors which is secured by a lien

on personal property owned by the Debtor or upon the leasehold interests and assets of the Debtor in accordance with Section 506(a) of the Bankruptcy Code.

1.24 "Schedules" shall mean the schedules of assets and liabilities and the statement of financial affairs filed by the Debtor as required by Section 521 of the Bankruptcy Code and Bankruptcy Rule 1007, and all amendments thereto.

1.25 "State Court Action" shall mean the action captioned, <u>Sam's Floor Covering Corp., Sam's Ceramic & Stone, Inc., et. al. v. John Posimato, et. al.</u>, New York State Supreme Court Westchester County, Index No. 12122/08.

1.26 "Unsecured Claim" shall mean any Claim which is not an Administrative Claim, Priority Claim, Secured Claim or Interest that arose prior to the Petition Date and includes, without limitation, Claims based upon pre-petition trade accounts payable or Claims based upon the rejection of an executory contract during the pendency of the Chapter 11 Case.

## ARTICLE II
## DESIGNATION OF CLAIMS AND INTERESTS

All Claims and Allowed Interests, as defined herein and in Section 101(5) of the Bankruptcy Code against the Debtor, of whatever nature, whether or not scheduled or liquidated, absolute or contingent, whether resulting in an Allowed Claim or not, shall be bound by the provisions of the Plan and are hereby classified as follows:

**Class 1:** shall consist of all Allowed Secured Claims.

**Class 2:** shall consist of all Allowed General Unsecured Claims.

**Class 3:** shall consist of the holders of all Allowed Interests in the Debtor.

In accordance with Section 1123(a)(1) of the Bankruptcy Code, Administrative Claims and Priority Tax Claims have not been classified and thus are excluded from the following

Classes.

## ARTICLE III - TREATMENT OF CLAIMS UNDER THE PLAN

**3.1 Satisfaction of Claims.** The treatment of and consideration to be received by holders of Allowed Claims shall be in full satisfaction, release and discharge of their respective Claims against the Debtor.

a) <u>Allowed Administrative Claims other than Claims of Professionals</u>: These Allowed Claims shall be paid according to the terms and conditions of the respective contracts with respect to those Claims. The Debtor does not believe that any such Claims exist.

b) <u>Allowed Claims of Professionals</u>: Allowed Claims of professionals retained pursuant to Sections 327 or 1103 of the Bankruptcy Code, shall be paid in full, in Cash, upon the later of (i) allowance by the Court pursuant to Section 330 of the Code or (ii) the Effective Date. The only Professional's Claim is that of Debtor's counsel, Rattet, Pasternak & Gordon Oliver, LLP.

c) <u>Allowed Priority Tax Claims</u>: Allowed Priority Tax Claims 11 U.S.C. § 507(a)(8), if any, shall be paid in full, in Cash on the Effective Date.

**3.2** **<u>Class 1</u>:** Class 1 Secured Claims shall receive any cure amounts outstanding on the Distribution Date and the balance due under the Leases (as that term is defined in the APA) shall be assumed by the Debtor and assigned to the Purchaser after which time they shall be paid in the ordinary course. Said assumption and assignment shall be as of the Effective Date of this Plan. Allowed Class 1 Claims are unimpaired under this Plan and thus not entitled to vote.

**3.3** **<u>Class 2</u>:** Class 2 General Unsecured Claims shall receive a distribution equal to 10% of their Allowed Claim, which payment shall be made on the Distribution Date. Class 2 Claimants shall also receive 20% of the net recovery of the State Court Action, which amount shall be calculated after repayment of all costs associated with the prosecution of that action.

Allowed Class 2 Claims are impaired under this Plan and shall be entitled to vote.

**3.4 Class 3:** Class 3 Interest holders shall receive no distribution on account of said interests. There are no Claim or Interest holders junior to Class 3 Interests. Class 3 Interest holders are impaired under the Plan but are deemed to reject.

## ARTICLE IV
## MEANS FOR EXECUTION

**4.1 Distribution of Cash**. Except as otherwise provided in the Plan, including without limitation Article VIII of this Plan, the Cash required to be distributed to holders of Allowed Claims under the Plan shall be distributed by the Disbursing Agent within ten (10) business days of the Effective Date, except that to the extent that a Claim becomes an Allowed Claim after the Effective Date, within ten (10) days after the order allowing such Claim becomes a Final Order.

**4.2 Means For Implementation**. The Plan shall be funded from the contribution of the Debtor's principal, Edward Rossi and from the Purchase Price.

**4.3 Sale and Transfer of Assets To Purchaser Upon Closing.** Pursuant to the Asset Purchase Agreement annexed hereto as Exhibit "A" and specifically incorporated herein and made a part hereof ("APA"), Purchaser shall acquire, and the Debtor shall convey all of the right, title and interest that Debtor possesses as of the Closing in and to the, as such term is defined in the APA, free and clear of all liens, claims and encumbrances pursuant to Sections 363(b), (f) and 365 of the Code.

## ARTICLE V
## EXECUTORY CONTRACTS

**5.1 Assumption**. Pursuant to the APA, the Debtor intends to assume the Leases (as defined in the APA) pursuant to Sections 365 and 1123 of the Bankruptcy Code and assign same

to the Purchaser as of the Effective Date. Any other unexpired leases or executory contracts shall be deemed rejected, however, the Debtor does not believe that any other such contracts exist.

    **5.2**    **Cure**. The Debtor shall, through the Disbursing Agent, pursuant to the provisions of Section 1123(a)(5)(G) of the Bankruptcy Code, cure all defaults existing under and pursuant to the Leases from the Purchase Price. Payment of any cure amounts due shall be made on the same date as distributions to General Unsecured Creditors hereunder.

## ARTICLE VI
## GENERAL AND MISCELLANEOUS PROVISIONS

    **6.1**    **Modification of the Plan**. The Debtor reserves the right, in accordance with the Bankruptcy Code, to amend or modify the Plan prior to the Confirmation Date or as soon as practicable upon either the consent of the Purchaser or Order of the Bankruptcy Court. After the Confirmation Date, the Debtor may, upon order of the Bankruptcy Court, in accordance with Section 1127(b) of the Bankruptcy Code, remedy any defect or omission or reconcile any inconsistencies in the Plan in such manner as may be necessary to carry out the purposes and intent of the Plan.

    **6.2**    **Article and Section References.** Unless otherwise specified, all section, article and exhibit references in the Plan are to the respective section in, article of, or exhibit to the Plan. The headings in the Plan are for convenience of reference only and shall not limit or otherwise affect the provisions of the Plan. Words denoting the singular number shall include the plural number and vice versa, and words denoting one gender shall include the other gender.

    **6.3**    **Payment Dates.** If any payment or act under the Plan is required to be made or falls on a date which shall be a Saturday, Sunday or a legal holiday, then the making of such payment or performance of such act may be completed on the next succeeding Business Day,

and shall be deemed to have been completed timely.

**6.4** **Notices.** Any notices to be forwarded under the Plan shall be in writing and sent by certified mail, return receipt requested, postage pre-paid; or by overnight mail or hand delivery, addressed as follows:

If to the Debtor:

SAM'S CERAMIC & STONE, INC.
285 Central Avenue
White Plains, New York 10606
Attn: Edward Rossi

with a copy to:

RATTET, PASTERNAK & GORDON-OLIVER, LLP
550 Mamaroneck Avenue
Harrison, New York 10528
Attn:   Erica R. Feynman, Esq.


If To The Purchaser:

JOHN BARILE
361 Route 6
Mahopac, New York 10541

The Debtor may designate in writing any other address for purposes of this section, which designation shall be effective upon receipt. Any payment required under the Plan shall be deemed to have been paid on the date when such payment is mailed.

**6.5** **Enforceability.** Should any provision in the Plan be determined to be unenforceable, such determination shall in no way limit or affect the enforceability or operative effect of any and all other provisions of the Plan.

**6.6** **Applicable Law.** Except to the extent that the Bankruptcy Code is applicable, the rights and obligations arising under the Plan shall be governed by, and construed and

enforced in accordance with, the law of the State of New York.

**6.7 Successors and Assigns.** The rights and obligations of any entity named or referred to in the Plan shall be binding upon and inure to the benefit of the successors and assigns of such entity.

**6.8 Reservation of Rights.** Neither the filing of this Plan, nor any statement or provision contained herein, shall be or be deemed to be an admission against interest. In the event that the Effective Date does not occur, neither this Plan nor any statement contained herein may be used or relied upon in any manner in any suit, action, proceeding or controversy within or outside of the Chapter 11 Case.

**6.9 U.S. Trustee Fees and Post Confirmation Reports.** The Reorganized Debtor shall be responsible for filing post-confirmation reports with the Bankruptcy Court and shall pay all quarterly fees required under 28 U.S.C. Section 1930 until the earlier of (a) conversion or dismissal of the Chapter 11 Case or (b) entry of a final decree closing the Chapter 11 Case.

## ARTICLE VII
## RESOLUTION OF DISPUTED CLAIMS & RESERVES

**7.1 Objections**. An objection to either the allowance of a Claim or an amendment to the Debtor's Schedules shall be in writing and may either be filed with the Bankruptcy Court or pursued and resolved by other means by the Debtor at any time on or before the Effective Date. Any Claim not filed with the Bankruptcy Court by May 8, 2009, unless specifically scheduled by the Debtor as nondisputed, noncontingent and liquidated is hereby deemed invalid for all purposes.

**7.2 Amendment of Claims**. A Claim may be amended prior to the Effective Date only

as agreed upon by the Debtor and the holder of such Claim and as approved by the Bankruptcy Court or as otherwise permitted by the Bankruptcy Code and Bankruptcy Rules.

## ARTICLE VIII
## EFFECT OF CONFIRMATION, DISCHARGE, SURRENDER AND CANCELLATION OF CLAIMS

**8. No Discharge Under the Plan.** Since the Plan contemplates liquidation of the Debtor's assets in accordance with the APA, the Confirmation Order shall not operate as a discharge pursuant to Section 1141(d)(1) of the Bankruptcy Code.

**8.2 Exculpation**. Neither the Debtor, the Purchaser nor any of their respective members, shareholders, officers, directors, employees, attorneys, advisors, agents, representatives and assigns shall have or incur any liability to any entity for any action taken or omitted to be taken in connection with or related to the formulation, preparation, dissemination, Confirmation or consummation of the Plan, the Disclosure Statement or any contract, instrument, release or other agreement or document created or entered into, or any other action taken or omitted to be taken in connection with the Chapter 11 Case or the Plan. From and after the Effective Date, a copy of the Confirmation Order and the Plan shall constitute and may be submitted as a complete defense to any claim or liability satisfied, discharged and released pursuant to Article 10 of the Plan; provided, however, that nothing in the Plan shall, or shall be deemed to, release the Debtor from, or exculpate the Debtor with respect to, its obligations or covenants arising pursuant to the Plan from bad faith, willful misconduct, gross negligence, breach of fiduciary duty, malpractice, fraud, criminal conduct, unauthorized use of confidential information that causes damages, and/or ultra vires acts. If the Plan is confirmed containing releases of liability as to the Debtor, creditors will be unable to pursue any claims that are discharged under the Plan, but creditors can

pursue claims against the Debtor that may arise in the future, or pursuant to the Plan. Any such liability against the Debtor's professionals will not be limited to their respective clients contrary to the requirement of 1.8(h)(1) of the New York Rules of Professional Conduct as promulgated in April, 2009.

**8.3  Confirmation Injunction.** Effective on the Confirmation Date, all persons who have held, hold or may hold Claims, with regard to all Classes of Claims or Interests are enjoined from taking any of the following actions against or affecting the Debtor or assets of the Debtor with respect to such Claims, Interests or Administrative Claims, except as otherwise set forth in the Plan, and other than actions brought to enforce any rights or obligations under the Plan or appeals, if any, from the Confirmation Order:

(i) Commencing, conducting or continuing in any manner, directly or indirectly, any suit, action, arbitration, or other proceeding of any kind against the Debtor or the assets of the Debtor;

(ii) Enforcing, levying, attaching, or otherwise recovering by any manner or means, whether directly or indirectly, any judgment, award, decree, or order against the Debtor, the assets of the Debtor or the Acquired Assets;

(iii) Creating, perfecting or otherwise enforcing in any manner, directly or indirectly, any encumbrance of any kind against the Debtor, the assets of the Debtor or the Acquired Assets;

(iv) Asserting any setoff, right of subrogation, or recoupment of any kind, directly or indirectly, against the Debtor, the assets of the Debtor or the Acquired Assets; and

(v) Proceeding in any manner and any place whatsoever that does not conform to or comply with the provisions of the Plan.

Neither the Debtor, the Purchaser nor any of their respective members, shareholders, officers, directors, employees, attorneys, advisors, agents, representatives and assigns shall have

or incur any liability to any holder of a Claim or Interest for any act or omission in connection with, or arising out of, the formulation, promulgation, pursuit of confirmation of the Plan or the Chapter 11 Case, the consummation of the Plan or the administration of the Plan or the property to be distributed under the Plan except for willful misconduct, fraud, breach of fiduciary duty or gross negligence.

## ARTICLE IX
## DISTRIBUTIONS AND UNCLAIMED PAYMENTS

Except as otherwise provided herein, in the event any Claimant fails to claim any distribution within four (4) months from the date of such distribution, such Claimant shall forfeit all rights thereto, and to any and all future payments, and thereafter the Claim for which such cash was distributed shall be treated as a disallowed Claim. In this regard, distributions to Claimants entitled thereto shall be sent to their last known address set forth on a proof of claim filed with the Bankruptcy Court or if no proof of claim is filed, on the Schedules filed by the Debtor or to such other address as may be designated by a Creditor. The Disbursing Agent and the Debtor shall use their collective best efforts to obtain current addresses for all Claimants. The Disbursing Agent shall notify the Debtor of all returned distributions. All unclaimed cash shall be returned to the Mr. Rossi.

## ARTICLE X
## EVENTS OF DEFAULT

10.1 An Event of Default shall occur if the Disbursing Agent shall fail to make any payment when due or shall fail to comply with any other material terms of this Plan, and written notice of same has been provided to the Debtor.

10.2 Following an Event of Default, if such Default has not been cured within thirty (30)

days thereafter, any holder of a Claim, payment of which is in Default, shall have the right to (a) accelerate and demand payment due to such holder under the Plan; and/ or (b) commence an action against the Debtor in the Bankruptcy Court or United States District Court to compel payment.

## ARTICLE XI
## VOTING INSTRUCTIONS

**11.1 Time To Vote**. Pursuant to a Court order, ballots on the Debtor's Plan must be filed within a prescribed period of time. All ballots should be properly completed as to whether the creditor accepts or rejects the Plan and be forwarded, in accordance with the instructions on the ballot, to Rattet, Pasternak & Gordon-Oliver, LLP, 550 Mamaroneck Avenue, Suite 510, Harrison, New York 10528, Attn: Erica R. Feynman, Esq.

**11.2 Blank Ballots.** Any ballot which is executed by the holder of an Allowed Claim or Interest but which does not indicate an acceptance or rejection of the Plan shall be deemed to be an acceptance of the Plan, in the amount set forth on the Debtor's Schedules as may be amended.

**11.3 Deemed Acceptance**. Any impaired Class which fails to vote either to accept or reject the Plan shall be deemed to accept the Plan.

## ARTICLE XII
## RETENTION OF JURISDICTION

12.1 The Bankruptcy Court shall retain jurisdiction of the Chapter 11 Case:

(a) To determine all controversies relating to or concerning the allowance of Claims upon objection to such Claims by any party in interest;

(b) To determine requests for payment of Claims entitled to priority under Section 507(a)(1) of the Code, including any and all applications for compensation for professional and

similar fees

(c) To determine any and all applications, adversary proceedings, and contested or litigated matters over which the Bankruptcy Court has subject matter jurisdiction pursuant to 28 U.S.C Sections 157 and 1334;

(d) To determine all disputed, contingent or unliquidated Claims;

(e) To modify the Plan pursuant to Section 1127 of the Code or to remedy any defect or omission or reconcile any inconsistencies in this Plan or Confirmation Order to the extent authorized by the Code;

(f) To make such orders as are necessary or appropriate to carry out the provisions of the Plan;

(g) To resolve controversies and disputes regarding the interpretation or enforcement of the terms of the Plan; and

(h) To enter a final decree closing the Chapter 11 Case.

Dated: White Plains, New York
        July 31, 2009

SAMS CERAMIC & STONE, INC.

By: __/s/ Edward Rossi_____
    Edward Rossi, President

RATTET, PASTERNAK & GORDON-OLIVER, LLP
Attorneys for the Debtor
550 Mamaroneck Avenue
Harrison, New York 10528
(914) 381-7400


By: _/s/ Erica R. Feynman___
    Erica R. Feynman