# ASSET PURCHASE AND ASSIGNMENT AND ASSUMPTION AGREEMENT

This AGREEMENT is entered into as of July 26, 2009 by and between Sam's Ceramic & Stone, Inc., whose principal address is 285 Central Avenue, White Plains, New York (hereinafter referred to as "Seller") and John Barile, whose address is 361 Route 6, Mahopac, New York 10541, (hereinafter referred to as "Purchaser").

WHEREAS, Seller is a debtor-in-possession having sought relief under Chapter 11 of the Bankruptcy Code in a proceeding before the United States Bankruptcy Court for the Southern District of New York, White Plains, assigned case no. 09-22200(RDD).

WHEREAS, the Seller intends to consummate a sale of the Assets (as hereinafter defined) and the other transactions as contemplated hereby as promptly as practicable as a sale is authorized by the Bankruptcy Court pursuant to a plan of reorganization under the provisions of Chapter 11 of the Bankruptcy Code, (the "Plan") together with the assumption and assignment of certain Contracts (as hereinafter defined) pursuant to Section 365 of the Bankruptcy Code;

NOW, THEREFORE, in consideration of the purchase price set forth herein, and such other good and valuable consideration, IT IS HEREBY AGREED AS FOLLOWS:

**ASSIGNMENT OF CERTAIN LEASE AGREEMENTS.** Seller hereby agrees to sell, assign, transfer and deliver to Purchaser and Purchaser agrees to purchase and acquire all of Seller's rights, title and interest in and to the following (collectively, the "Leases"):

(a)  Commercial Equipment Lease Agreement, number LA31475, by and between the Debtor and Toyota Motor Credit Corp. as assignee of Summit Handling Systems, dated November 8, 2004, for the lease of one (1) Toyota Forklift, Model No. 5FGU25, and

(b)  GMAC Smart Lease Agreement by and between the Debtor and Arroway Chevrolet Inc., dated May 31, 2006, for the lease of One (1) 2007 Chevrolet 5500 Van.

Seller also agrees to assign to Purchaser all remaining security deposits, if any, on account with either lessor in connection with the Leases. Any pre-petition arrears under the Leases shall be paid by the Seller in connection with the assumption thereof and upon assignment, Purchaser shall assume all obligations under the Leases.

**ASSETS TO BE AQUIRED.**  In addition to the assignment of the Leases, Seller hereby agrees to sell, assign, transfer and deliver to Purchaser and Purchaser agrees to purchase and acquire all of Seller's rights, title and interest in and to all of the Debtor's tangible personal property, wherever located, including equipment, inventory, furniture, fixtures, customer lists, contract rights, and telephone number (914) 328- 3030, as well as all intangible property including, full use of the name "Sam's Ceramic & Stone", goodwill, marketing and advertising concepts (collectively, the "Assets").

Seller hereby represents that it has good and valid title to or (in the case of property held under lease) a valid and subsisting leasehold interest in or a legal, valid and enforceable right to use, and, upon confirmation of the Plan by the Bankruptcy Court and subject to the terms and conditions thereof, the power and authority to sell, transfer and

assign to the Buyer the Assets owned by it, free and clear of all liens, claims and encumbrances.

**ITEMS NOT INCLUDED IN SALE.** The sale specifically does not include any cash, accounts receivable in existence as of the date of the filing or which has accrued during the post-petition period or estate causes of action belonging to Seller or Seller's Chapter 11 estate.

Seller and Buyer both acknowledge and understand that no leasehold interest in the location from which the Debtor has previously operated is being granted.

**ACCOUNTS RECEIVABLE.** All of Seller's accounts receivable relating to services rendered and accounts accrued through the date prior to the Closing Date (collectively, the "Seller's Accounts Receivable") shall remain the property of Seller and shall not be included in the Assets to be sold hereunder. Seller and Purchaser hereby acknowledge and agree that all of the Seller's Accounts Receivable shall be retained by the Seller as of the date of Closing. Purchaser and Seller agree to cooperate in identifying and paying over the Seller's Accounts Receivable as of the date of Closing. Seller and Purchaser agree that in the event that either receives any payments properly due the other, that they shall remit those payments to the other party and shall endorse any and all checks, drafts or other forms of payment made to them properly payable to the other party. Seller and Purchaser hereby covenant and agree to cooperate in the disposition of the Seller's Accounts Receivable. Seller acknowledges and agrees that Purchaser shall have the right to deposit in Purchaser's accounts the Seller's Accounts Receivable; subject, however, to Purchaser accounting for all such deposits and remitting to the Seller

payment of the amount of the Seller's Accounts Receivable collected within ten (10) days after receipt and clearance.

**PURCHASE PRICE .** In consideration of Seller's agreement contained herein, Purchaser agrees to pay the total sum of FIFTEEN THOUSAND DOLLARS ($15,000) to Seller, which shall be tendered as follows::

(A) The sum of Three Thousand Dollars ($3,000), which shall constitute a 20% down payment, upon tender to Seller of a copy of this Agreement which has been duly executed by Purchaser; and

(B) The balance of Twelve Thousand Dollars ($12,000) payable by certified check or money order on or before the Closing Date.

**CONDITION OF ASSETS TO BE PURCHASED.** The condition of the Assets and the Lease to be transferred herein is to be deemed as is where is and without representation or warranty of any kind, other than as may be set froth in the Approval Order. Purchaser is purchasing the Lease on an "As Is Where Is" basis, and Seller disclaims all express and implied warranties of any kind other than title except as otherwise provided for in this Agreement or an Order of the Bankruptcy approving this Agreement in connection with its confirmation of the Debtor's Plan.

**CLOSING.** The closing of the purchase and sale of the Lease and Assets (hereinafter the "Closing") shall take place on or before ten (10) days following the entry of an Order confirming the Debtor's Plan, at the law offices of Rattet, Pasternak & Gordon-Oliver, LLP, 550 Mamaroneck Avenue, Suite 510, Harrison, NY 10528 or at such other place and time that is agreeable to the parties. On or before the Closing,

4

subject to the terms and conditions in this Agreement, Seller shall execute and deliver, or cause to be executed and delivered, such documents of transfer and assignment (including but not limited to bills of sale and assignment of leases) and take such other action as may be necessary to transfer all of Seller's right, title and interest in the Leases and Assets to Purchaser.

The Buyer and the Seller acknowledge and agree that the Buyer's obligation to purchase, and the Seller's obligation to sell, the Assets, is subject to the confirmation of the Plan by the Bankruptcy Court. Not later than ten (10) business days following the complete execution of this Agreement and clearance of the deposit in Seller's counsel's escrow account, the Seller shall file with the Bankruptcy Court the Plan and Disclosure Statement in form and substance reasonably satisfactory to the Buyer.

**REPRESENTATIONS AND WARRANTIES.**

(a) Seller hereby represents and warrants to Purchaser as follows:

(i) They have the full power and authority to execute and deliver this Agreement and all other documents and instruments necessary to be executed and delivered to consummate the transactions contemplated by this Agreement, subject to confirmation of the Plan by the Bankruptcy Court.

(ii) All corporate actions and disclosure required to effectuate the entering into and performance under this Agreement have been taken or made as required.

(iii) This Agreement and all other documents and instruments to be delivered hereunder shall constitute legal, valid and binding obligations of Seller and shall be

enforceable against Seller in accordance with their respective terms, subject to confirmation of the Plan by the Bankruptcy Court in order to consummate the Closing.

(iv) No representation or warranty of the Seller in this Agreement or on any other exhibit, list, certificate or document, delivered pursuant to this agreement, contains or shall contain at Closing any untrue statement of material facts or omits or will omit to state any material fact necessary to make any statement herein and therein not misleading.

(b)  Purchaser hereby represents and warrants to Seller as follows:

(i)  It has full power and authority to execute and deliver this Agreement and all other documents and instruments necessary to be executed and delivered to consummate the transactions contemplated by this Agreement.

(ii)  All corporate actions and disclosure required to effectuate the entering into and performance under this Agreement have been taken or made.

(iii) This Agreement and all other documents and instruments to be delivered hereunder shall constitute legal, valid and binding obligations of Purchaser and shall be enforceable against Purchaser in accordance with their respective terms.

(iv)  No representation or warranty of the Purchaser in this Agreement or on any other exhibit, list, certificate or document, delivered pursuant to this agreement, contains or shall contain at Closing any untrue statement of material facts or omits or will omit to state any material fact necessary to make any statement herein and therein not misleading.

**ACKNOWLEDGEMENTS.**

(a)  Purchaser hereby acknowledges that this Agreement is subject to higher and better offers and that Seller shall have the unfettered right to seek competing offers at or a hearing to consider confirmation of the Plan.

(b)  In the event that the Bankruptcy Court does not confirm the Plan and/ or does not enter a Confirmation Order in a form and substance acceptable to the Purchaser, then in such event Purchaser's down payment shall be returned, and the parties hereto shall have no further obligations or liabilities with respect to the other and shall be deemed to have released each other in their respective entirety.

(c) In the event that Purchaser fails to close on the sale at the Closing Date, absent Seller's written consent to extension thereof, Purchaser's deposit shall be forfeited to the Seller's estate, and Purchaser waives any and all rights to object to or otherwise seek recovery of said forfeited deposit.

**EVENTS OF DEFAULT.**

The following shall constitute an event of default by Purchaser hereunder (the "Event of Default"):

(a)  Purchaser's failure to make any payment in full as required under this Agreement and failure to cure said default within 10 days after receipt of facsimile notice of default.

(b)  An uncured default by Purchaser in any monetary obligation under the Lease, pursuant to the terms thereof, at any time until the Purchase Price has been paid in full.

**NOTICES.**

All notices, consents, elections and approvals that are required or may be given pursuant to the terms of this Agreement shall be effective only if in writing and shall be sufficient in all respects if (i) delivered personally, (ii) or mailed registered or certified mail postage prepaid, (iii) sent via a nationally recognized overnight courier or (iv) sent via facsimile confirmed in writing to the recipient, in each case as follows:

If to Seller, to:

>Erica R. Feynman, Esq.
>Rattet, Pasternak & Gordon-Oliver LLP
>550 Mamaroneck Ave.
>Harrison, New York 10528
>Fax No. (914) 381-7406

If to Purchaser to:

>John Barile
>361 Route 6
>Mahopac, New York 10541
>Fax No. 845-628-4192

or to such other address or addresses as Seller on the one hand, or Purchaser, on the other hand, shall have designated by like notice to the other.

**SURVIVAL of REPRESENTATION, WARRANTIES, COVENANTS AND AGREEMENT.**

The representations, warranties, covenants and agreements of the parties contained in this Agreement will survive the Closing until sixty (60) days after the expiration of all applicable statutes of limitation (including all periods of extension, whether automatic or permissive) with respect to the matters covered by the representation and warranties contained herein above.

**ASSIGNABILITY.**

This Agreement shall not be assignable by either of the parties hereto, except that Purchaser may, without the prior written consent of Seller assign this Agreement and any or all of its right and/or its obligations hereunder to any entity in which the Purchaser shall maintain a controlling interest. However, no assignment will relieve the assigning party of any of its obligations, personal or otherwise, hereunder.

**MODIFICATION.**

There can be no waiver of any of the terms and conditions hereof or any conditions hereof or any amendment to this Agreement except as expressly set forth in a writing which is signed by an authorized representative of Seller and Purchaser. This Agreement constitutes the entire agreement between the parties with respect to the subject matter hereof. No course of dealing and no trade custom shall be deemed to modify this Agreement.

**GOVERNING LAW.**

This Agreement shall be governed and construed in accordance with the laws of the State of New York, other than those laws governing conflicts of laws. The parties consent to the venue and jurisdiction of the Courts of the State of New York in the event of any dispute or litigation hereunder.

**COUNTERPARTS.**

This Agreement may be signed in counterparts which when taken together shall be deemed one original.

If any provision of this Agreement is deemed unenforceable it shall in no way invalidate any other provision or provisions of this Agreement, all of which shall remain in full force and effect.

**AUTHORIZATION AND EMPOWERMENT.**

The parties are authorized and directed to execute any and all documents, provide reasonable cooperation and take such other actions as may be reasonably necessary to implement and effectuate the terms and provisions of this Agreement.

**IN WITNESS WHEREOF**, the parties have executed this Agreement the day and year first above written.

>SAM'S CERAMIC & STONE, INC.
>Debtor
>
>By: */s/ Edward Rossi*_____
>       Edward Rossi, President
>
>PURCHASER
>
>\_\_*/s/ John Barile*_____
>JOHN BARILE